

| | |
|---|---|
| U.S. Department<br>of Transportation | 1120 Vermont Avenue, NW<br>Washington, DC 20590 |

**Federal Railroad Administration**

SEP - 1 2005

**VIA FEDERAL EXPRESS**

Mr. Bruce Fine
42470 Belmont Glen Place
Ashburn, VA 20148

     Re: Employee Testimony

Dear Mr. Fine:

     I write to inform you of the Federal Railroad Administration's position in your anticipated testimony at the September 13, 2005 evidentiary hearing in <u>Bauer et al. v. Burlington Northern and Santa Fe Railway Company</u>, No. 03-CV-4110 (N.D. IA filed Nov. 14, 2003).

     Please be advised that FRA has denied the plaintiffs' request for your testimony at this hearing. (A copy of the letter from Michael T. Haley to Harry Zanville (Aug. 8, 2005) is enclosed.) Accordingly, you are prohibited from providing testimony relating to "any material acquired as part of the performance of [your] official duties or because of [your] official status." 49 C.F.R. § 9.5. Furthermore, the Department of Transportation's <u>Touhy</u> regulations prohibit you from testifying to facts contained in or part of a report or as an expert or opinion witness relating to matters involving your official duties or functions, disclosing confidential or privileged information, or providing testimony at a hearing. 49 C.F.R. § 9.9(b)-(d). (FRA remains willing, however, to permit your deposition subject to the plaintiffs' compliance with DOT's <u>Touhy</u> regulations, particularly, a declaration that they will not seek your expert or opinion testimony or your testimony at a hearing or trial. See 49 C.F.R. § 9.15(a)(7).) Finally, the <u>Touhy</u> regulations require you to "immediately notify" the Office of Chief Counsel should you either receive a request or subpoena to testify in the above-captioned case. 49 C.F.R. § 9.9(a). Therefore, please provide a copy of any request or demand for your testimony at your earliest convenience.

     Separately, as the Deputy Designated Agency Ethics Official and chief legal officer for FRA, I must remind and inform you of the ethical laws governing your post-employment activities. Specifically, under 18 U.S.C. § 207(a)(1):

     Any person who is an officer or employee (including any special Government employee) of the executive branch of the United States (including any independent agency of the United States) . . . and who, after the termination of his or her service or employment with

2

the United States . . ., knowingly makes, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States . . ., on behalf of any other person (except the United States . . .) in connection with a particular matter–

(A) in which the United States . . . is a party or has a direct and substantial interest,

(B) in which the person participated personally and substantially as such officer or employee, and

(C) which involved a specific party or specific parties at the time of such participation, shall be punished as provided in section 216 of this title.

Moreover, "a former officer or employee of the executive branch of the United States (including any independent agency) who is subject to the restrictions contained in subsection (a)(1) with respect to a particular matter may not, except pursuant to court order, serve as an expert witness for any other person (except the United States) in that matter[.]" 18 U.S.C. § 207(j)(6)(A). Please also note that the Office of Government Ethics has issued regulations implementing these post-employment restrictions at 5 C.F.R. Part 2637, namely, 5 C.F.R. § 2637.201. FRA reserves the right to refer any violation of these ethics rules to the U.S. Department of Justice for criminal investigation and prosecution. See 5 C.F.R. § 2637.212(a)(2). The agency may further prohibit you from communicating with any agency official for up to five years should it impose an administrative sanction for violating 18 U.S.C. § 207. See 5 C.F.R. § 2637.212(a)(9).

I may be reached at (202) 493-6052 if you have any questions.

Sincerely,

S. Mark Lindsey
Chief Counsel

Enclosure

cc: AUSA Martha Fagg
    Harry Zanville, Esq.
    Charles Collins, Esq.
    Scott Peters, Esq.



U.S. Department
of Transportation

**Federal Railroad
Administration**

1120 Vermont Avenue, NW
Washington, DC 20590

AUG – 8 2005

Harry Zanville, Esq.
500 West Harbor Drive, Ste. 1213
San Diego, California 92101

  Re: <u>Bauer et al. v. Burlington Northern and Santa Fe Railway Co.</u>, No. 03-CV-4110
    (MWB) (N.D. IA filed Nov. 14, 2003)

Dear Mr. Zanville:

  I write in regards to the United Transportation Union's (UTU) August 2, 2005 request to have former Federal Railroad Administration (FRA) employees George Gavalla, Bruce Fine, and Paul Byrnes testify at an evidentiary hearing scheduled for September 15-18, 2005, in Sioux City, Iowa, in the above-captioned case. While I cannot grant the UTU's request as currently structured, FRA is willing to work with you to permit the testimony of the three identified former FRA employees as outlined below.

  There are two principal reasons for FRA's decision. First, your request for the former employees to testify in open court does not comport with the Department of Transportation's (DOT) <u>Touhy</u> regulations, 49 C.F.R. Part 9. Under 49 C.F.R. § 9.9(d), a former employee "shall not provide testimony at a trial or hearing. An employee's testimony shall be limited to a single deposition, affidavit, or set of interrogatories, concerning the circumstances . . . from which the proceeding arose." It is DOT's position that its <u>Touhy</u> regulations "should minimize the adverse impact of [private] litigation upon [the Department] and the public by placing the primary burden for conducting such litigation on the private litigants where it reasonably belongs" and "not foster additional private litigation." 58 Fed. Reg. 6719, 6723 (1993). FRA thus is amenable to allowing the former employees to file affidavits or appear at a deposition, but not testify at the hearing. <u>See</u> <u>id</u>. ("[DOT] believes that often alternative methods, such as affidavits or written interrogatories, can suffice in lieu of . . . trial appearances").

  Second, it is unclear from the UTU's request whether the former employees would testify about matters that purportedly speak for FRA or disclose confidential or sensitive information or anything about the agency's deliberative processes. The request indicates that their testimony would focus:

> [O]n FRA['s] regulations and policies, how FRA['s] regulations and policies are interpreted, the extent and effect of [the] regulated carrier['s] influence upon FRA['s] rule

and policy promulgation and enforcement, and the past, current, and future effect of
FRA['s] ineffectiveness on worker, shipper, and public safety.

E-mail from Harry Zanville, Esq., to Jonathan Kaplan (August 2, 2005). Although the former employees may provide consensual testimony about their respective general expertise, knowledge, or personal views about railroad safety, the request does not address whether they would be asked to testify about matters to which they were assigned while employed by FRA, or internal communications with agency officials or employees relating to agency inspections, investigations, or enforcement actions against, e.g., the Burlington Northern and Santa Fe Railway Company, the named defendant (now the BNSF Railway Company), that were deliberative or privileged in nature. Absent further clarification, FRA believes that the request does not comply with the Touhy regulations. See 49 C.F.R. § 9.9(c) ("[a]n employee shall not testify as an expert or opinion witness with regard to any matter arising out of the employee's official duties or the functions of [DOT]"). Accordingly, Messrs. Gavalla, Fine, and Byrnes are not authorized to testify under 49 C.F.R. § 9.5 based on the manner and scope of the testimony requested and the request is denied pursuant to 49 C.F.R. § 9.15(c).

Nevertheless, FRA remains willing to coordinate with the UTU to procure the former FRA employees' testimony, provided two conditions are satisfied. First, your client must agree to take one deposition, and not trial testimony, of each witness. See 49 C.F.R. § 9.15(a)(7). Second, the union must clarify the scope of the testimony requested to ensure that the former employees do not testify to either matters within their official agency duties or functions, or privileged or deliberative communications. See id. Assuming our proposal is acceptable, we will circulate a stipulation, styled Agreement Concerning Terms and Conditions of Deposition, a facsimile copy of which is enclosed, for execution. FRA reiterates, however, that it reserves the right to move to quash or seek a protective order should the UTU reject the agency's proposal or disregard or ignore the agency's response. See 49 C.F.R. § 9.11(d); Fed. R. Civ. P. 26(c), 45(c). See also 58 Fed. Reg. at 6720 ("[i]f the party . . . does not withdraw a demand when requested to do so by agency counsel, [DOT] may move to quash the demand").

Finally, in response to the UTU's invitation that either FRA Chief Counsel
S. Mark Lindsey or I appear at the hearing, we again respectfully decline the union's request.

Please do not hesitate to telephone Mr. Kaplan at (202) 493-6042 if you have any questions.

Sincerely,

*/signature/*

Michael T. Haley
Deputy Chief Counsel

Enclosure

2

cc: Charles A. Collins, Esq.
　　Scott H. Peters, Esq.
　　Donald J. Munro, Esq.

## UNITED STATES DEPARTMENT OF TRANSPORTATION
## FEDERAL RAILROAD ADMINISTRATION

### AGREEMENT CONCERNING TERMS AND CONDITIONS OF DEPOSITION

The purpose of this document is to set forth the terms and conditions governing the deposition of George Gavalla, an employee of the Federal Railroad Administration (FRA), to be held on xxx, xx, 2005, at xxx, in connection with the case of <u>Bauer et al. v. Burlington Northern and Santa Fe Railway Co.</u> (now BNSF Railway Company), No. 03-CV-4110 (MWB) (N.D. IA filed Nov. 14, 2003). Upon its execution by all parties, this document is intended to constitute a formal and binding agreement that will be enforceable in all courts of law.

Pursuant to previous oral discussions, the parties to this agreement hereby agree that:

1. Subsequent to the above-referenced deposition, no party will (i) attempt to further depose the witness named above or (ii) seek his appearance at trial in this lawsuit or any other litigation arising out of the facts and circumstances involved in the subject case.

2. In accordance with the applicable Department of Transportation regulations, 49 C.F.R. Part 9, the witness named above will be deposed only as to facts within his personal knowledge pertaining to his investigation of the circumstances of the subject case. No party will ask any question that calls for expert or opinion testimony. In the event that a question is asked that calls for expert or opinion testimony, the witness will decline to answer under the authority of 49 C.F.R. § 9.9(c).

3. In accordance with the accident reports laws, 49 U.S.C. § 20903, the witness will not be required by subpoena, or other demand to produce documents relating to his investigation of the accident that is the subject of this lawsuit.

4. At the expense of the party noticing the deposition, the witness will be promptly furnished with a copy of the transcript of the deposition testimony.

5. The party who has noticed or intends to notice the deposition agrees to circulate this agreement to all necessary counsel for signature, to bring the original agreement to the deposition, and before the testimony begins, to present it to the witness's attorney or to transmit it via facsimile to the

2

witness's attorney.

By their respective signatures, all parties agree that this document was negotiated and concluded voluntarily and with full knowledge, and without undue influence, falsehood, or misrepresentation of any kind, and that this agreement is binding upon them and their representatives and successors forever.

(Please sign and date)

_____
Attorney for Thomas Bauer, et al.


_____
Attorney for BNSF Railway Company


_____
Attorney for Federal Railroad Administration