# Office of Government Ethics
## 90 x 4 -- 03/07/90

### Letter to a Private Individual dated March 7, 1990

This is in response to your letter of January 25, 1990, requesting information concerning the availability of executive branch employees to serve as expert witnesses.

Let me first explain that somewhat different rules apply depending upon whether the employee is called as a fact witness or as an expert witness. In general, a fact witness can be subpoenaed by the court simply because he has knowledge of facts relevant to the matter in dispute. An expert witness cannot. Ordinarily, an expert witness is retained and paid a fee for his testimony. The availability of a particular Government employee to serve as an expert witness may depend upon whether such service is to be undertaken as part of his official duties or in his personal capacity.

The Courts have long recognized that agencies have a right to establish "housekeeping" rules governing the use of agency information and personnel in litigation. For example, Department of Defense Directive No. 5405 of July 23, 1985, provides:

> "5. Expert or Opinion Testimony. DoD personnel shall not provide, with or without compensation, opinion or expert testimony concerning official DoD information, subjects, or activities, except on behalf of the United States or a party represented by the Department of Justice. Upon a showing by the requestor of exceptional need or unique circumstances and that the anticipated testimony will not be adverse to the interests of the Department of Defense or the United States, the appropriate DoD official designated in paragraph F.l. may, in writing, grant special authorization for DoD personnel to appear and testify at no expense to the United States. If, despite the final determination of the responsible DoD official, a court of competent jurisdiction, or other appropriate authority, orders the appearance and expert or opinion testimony of DoD personnel, the personnel shall notify the responsible DoD official of such order. If the DoD official determines that no further legal review or challenge to the court's

order will be sought, the affected DoD personnel shall comply with the order. If directed by the appropriate DoD official, however, the affected DoD personnel shall respectfully decline to comply with the demand. See United States ex rel. Touhy v. Raqen, 340 U.S. 462 (1951)."

In cases in which the United States has an interest, housekeeping rules of this nature are intended to ensure that Government attorneys retain the control necessary to represent the United States adequately. In cases involving private litigation, they are intended to retain control over the use of staff resources. They do not preclude the use of employee expert testimony in every case.

When an employee wishes to provide expert testimony in a personal capacity, not as part of his official duties, the standards of conduct apply. I am enclosing a copy of our informal [advisory letter] 83 x 1, which involved the question of whether an employee could serve as an expert witness on behalf of plaintiffs in a case in which the United States was a defendant. The opinion refers to provisions contained in the standards of conduct. The first, 5 C.F.R. § 735.201, provides that an employee shall avoid any action which might result in or create the appearance of using public office for private gain. This standard applies to any use of public office for private gain, even though the gain accrues to someone other than the employee. Thus, it is implicated any time expert testimony relates to a Government employee's official position or duties, regardless of whether he receives compensation for his testimony. Under the other standard, 5 C.F.R. § 735.203(a), an employee "may not engage in outside employment or other outside activity not compatible with the full and proper discharge of the duties and responsibilities of his Government employment." As explained in the enclosed advisory letter, incompatible activities will include any activity that conflicts with the interests of the Federal Government or which can be construed as an official act of the agency.

I hope this information will be of assistance.

Sincerely,

Donald E. Campbell
Acting Director